**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**CASE NO.: 07-80310 CIV-RYSKAMP/VITUNAC**

**MICHAEL A. JOHNSON and**
**KATHLEEN M. JOHNSON,**

       Plaintiffs,

vs.

**GEICO GENERAL INSURANCE COMPANY,**

       Defendant.
_____/

## PLAINTIFFS' MOTION TO COMPEL DEFENDANT, GEICO AS TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Plaintiffs, Michael A. Johnson and Kathleeen M. Johnson, hereby move the Court, pursuant to Federal Rule of Civil Procedure 37(a), for an order compelling Defendant GEICO to provide complete responses and documents in response to Plaintiffs' First Request for Production of Documents. In support of this motion Plaintiffs state as follows:

    1.    The Complaint in this case alleges a claim for insurance bad faith against the Defendant, GEICO.

    2.    The Plaintiff, Michael Johnson was involved in an automobile accident on May 24, 2003. Louise Turner, a passenger in the vehicle struck by Mr. Johnson, died at the scene of the accident. Woody Staley, Jr., the driver of the vehicle struck by Mr. Johnson, also died as a result of the injuries suffered in the accident.

3. At the time of the accident, Michael Johnson and Kathleen Johnson carried bodily injury insurance coverage with GEICO. Due to GEICO'S failure to fulfill its duty to the Johnson's, its insured's, the Johnsons have had a wrongful death judgment rendered against them in excess of $2,000,000.00.

4. On May 24, 2007, Plaintiffs served Defendant GEICO with "Plaintiffs' First Request for Production" a copy of which is attached as Exhibit A.

5. On June 29, 2007, Defendant GEICO served its "Response to Plaintiffs' First Request for Production," a copy of which is attached as Exhibit B.

6. "Generally, the purpose of discovery is to remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute." U.S. ex rel. Schwartz v. TRW, Inc., 211 F.R.D. 388, 392 (C.D. Cal. 2002) (citing Oakes v. Halvorsen Marine Ltd., 179 F.R.D. 281, 283 (C.D. Cal. 1998)).

7. Defendant GEICO is thwarting this purpose by failing to answer the majority of Plaintiffs' Requests for Production. GEICO'S objections to Plaintiffs' Requests for Production are improper and should be overruled.

8. In addition, GEICO has failed to comply with *Rule 34.1* of the Local Rules of the Southern District with regard to the documents which were produced. The documents were not produced in a manner which would allow the Plaintiffs to determine which documents were being provided in response to which requests. The Plaintiffs would request that GEICO be ordered to provide responses to Plaintiffs' Request for Production which set forth which Bate Stamped Page Numbers respond to which Requests.

9. In accordance with Local Rule 7.1, Plaintiffs' counsel certifies that he has conferred with counsel for Defendant GEICO in a good faith effort to resolve this discovery dispute by agreement but has been unable to do so.

## PLAINTIFFS' FIRST REQUEST FOR PRODUCTION

Request 1:      Produce all of the claim files maintained by the Defendant, Geico General Insurance Company, or anyone on behalf of the Defendant, Geico General Insurance Company, including, but not limited to, the local, regional and home office files with regard to any and all claims made by The Estate of Woody Staley, Jr. against Michael A. Johnson and Kathleen M. Johnson, cover to cover, including the original jackets and everything contained in the files from the date of the accident through the date the final judgment was entered against Michael A. Johnson and Kathleeen M. Johnson.

> **RESPONSE:  OBJECTION.  GEICO objects to Plaintiff's Request No. 1 as vague, ambiguous and overly broad in time and scope.  GEICO further objects to Request No. 1 to the extent that same expressly seeks the communications, mental impressions and thought processes of its independent legal counsel whom GEICO has retained to defend it in this matter, which information is protected by the attorney-client privilege, under Section 90.502, Florida Statutes, related to its then-anticipated defense of itself in the instant bad faith action.  Not withstanding and without waiving said objections, GEICO states the following:**
>
> **All non-privileged and discoverable documents responsive to this request have been produced.**

**Argument:**  This case alleges a claim for insurance bad faith against Defendant, GEICO.  The claims files of the Defendant are clearly discoverable and reasonably calculated to lead to the discovery of admissible evidence.  In *Allstate Indemnity Insurance Company v. Ruiz,* 899 So.2d 1121 (Fla. 2005), the Florida Supreme Court set forth that all materials, including documents, memoranda, and letters, in an insurer's underlying claim and related litigation file that was created up to and including the date of resolution of the underlying disputed matter and pertains in any way to coverage, benefits, liability or damages should be produced in discovery in a first party bad faith action.  The only materials contained within a claims file which are not subject to disclosure are those protected by attorney-client privilege.  *See Liberty Mutual Fire Insurance Co. v. Bennett,* 939 So.2d 1113 (4th DCA 2006).

Here, GEICO has raised a number of objections to Plaintiffs' requests for the claims files relating to this matter.  GEICO's objections are without merit and fail to comply with the

requirements of the Federal Rules of Civil Procedure. Further, GEICO'S response that it has produced "all non-privileged and discoverable information" is improper.

### a. Vagueness

GEICO sets forth as its initial basis for its objection that the Plaintiffs' Request #1 is "vague, ambigious and overly broad." In responding to a discovery request, a party should exercise common sense and apply ordinary definitions to terms and phrases used in interrogatories. Colboch v. Morris Communications Co., LLC, 2006 WL 2255703, *3 (D. Kan. 2006). A party that objects to discovery as vague must demonstrate that the request is indeed vague. See id. If the party needs to clarify its answers to interrogatories in order to avoid any ambiguity, the party can include reasonable definitions of the "vague" terms or phrases in its answers. See id.

Here, Defendant GEICO has raised a "vagueness" objection to Plaintiffs' request for the claims files related to this matter. Request No. 1 is very specific with regard to the information requested. GEICO'S vagueness objection demonstrates its lack of good faith in attempting to provide complete responses to the Plaintiffs' discovery requests.

### b. Attorney-Client Communications

GEICO has raised as its second objection to Request No. 1, that the information requested includes attorney-client communications. Rule 26(b)(5) of the Federal Rules of Civil Procedure provides that when a party withholds information otherwise discoverable under the rules by claiming that it is privileged or subject to protection as trial preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection. Further, to preserve the privilege, the objecting party must provide a

log or index of withheld materials. *See Gupta v. Walt Disney World Co.,* 2006 WL 2724899 (M.D.Fla.); *Universal City Development Partners, Ltd. v. Ride & Show, Eng'g,* 230 F.R.D. 688 (M.D.Fla 2005). Here, GEICO has asserted the attorney-client privilege and has failed to file any privilege log related to the referenced documents. Additionally, GEICO has responded by setting forth that "all non-privileged and discoverable documents have been produced." This response is improper without demonstrating to the Court that the documents being withheld are indeed privileged and not discoverable. It is improper for a party to make an independent determination of privilege or discoverability without the guidance of the Court.

  c. **Confidential Business Information**

GEICO raises as its third objection to the Plaintiffs' Request No. 1 that the records requested may be considered confidential business records pursuant to Florida law. Section 90.506, Florida Statutes sets forth that a party is not required to disclose information considered a trade secret "if the allowance of the privilege will not conceal fraud or otherwise work injustice." Here, GEICO has objected to the production of the claims files related to this matter. As was set forth in the *Ruiz* decision above, these records are clearly relevant and admissible in this matter. Further, preventing their disclosure would severely prejudice the Plaintiffs and their claims in this matter. Additionally, the Plaintiffs have agreed to execute a confidentiality agreement related to any "confidential" documents produced by GEICO.

Request 2: All of the claim files maintained by the Defendant, Geico General Insurance Company, or anyone on behalf of the Defendant, Geico General Insurance Company, including, but not limited to, the local, regional and home office files with regard to any and all claims made by The Estate of Woody Staley, Jr. and/or Ethel Staley pertaining to their uninsured motorist policy of insurance; Policy No. Z421010, cover to cover, including the original jackets and everything contained in the files from the date of the accident through the date the filed was closed by GEICO.

> **RESPONSE: OBJECTION. GEICO objects to Plaintiffs' Request as vague, ambiguous and overly broad in time and scope. GEICO further objects to the Request as it seeks information that is not relevant to any claim or defense, and is not reasonably calculated to lead to the discovery of admissible evidence, pursuant**

>    **to Rule 26(b)(1), Fed. R. Civ. P.  GEICO reasonably interprets the same as seeking information regarding Ethel Staley's claim against her own uninsured/underinsured motorist policy, which is not relevant to any claim or defense of either party.**

**Argument:** See Plaintiffs' response to GEICO'S objections to Request No. 1 at subsection (a) above.  In addition, GEICO has raised as an objection that the materials related to the uninsured/underinsured motorist claim filed by Ethel Staley related to her own policy of insurance, are not relevant to this matter.  Pursuant to Federal Rule of Civil Procedure 26(b), the scope of discovery includes "any matter, not privileged, that is relevant to the claim or defense of any party. . . ."  "The Courts have long held that relevance for discovery purposes is much broader than relevance for trial purposes."  Dunkin' Donuts, Inc. v. Mary's Donuts, Inc., 2001 WL 34079319, *2 (S.D. Fla. 2001) (citing Cohn v. Taco Bell Corp., 147 F.R.D. 154, 156 (N.D. Ill. 1993)).  Therefore, "[d]iscovery should ordinarily be allowed under the concept of relevancy unless it is clear that the information sought has no possible bearing on the subject matter of the action."  Id. (citing Gagne v. Reddy, 104 F.R.D. 454, 456 (D. Mass. 1984); Miller v. Doctor's General Hospital, 76 F.R.D. 136, 138 (W.D. Okla. 1977)).  "[T]he burden of showing that the requested discovery is not relevant to the issues in the case is on the party resisting discovery."  Id. (citing Flora v. Hamilton, 81 F.R.D. 576, 578 (M.D. N.C. 1978)).  This case alleges a claim for insurance bad faith against GEICO related to its handling of a bodily injury claim which arose as a result of an automobile accident which occurred on May 24, 2003.  The Plaintiffs in this case, Michael and Kathleen Johnson, carried bodily injury insurance coverage with Defendant, GEICO at the time of this accident.  The Staley's, who were the injured parties in the accident, also carried uninsured motorist coverage with the Defendant, GEICO.  The manner in which the uninsured motorist claim was assessed and handled by the same entity which was allegedly evaluating the bodily injury claim, is directly relevant to whether the Defendant acted in bad faith in relation to the bodily injury claim.  The Defendant's own Claim Log for the file

related to the bodily injury claim sets forth on June 12 and 13, 2003 that the adjuster, Chad Joel, should contact Wendy Anderson (the UM Claims adjuster) in order to investigate all of the injuries suffered by all occupants in the Staley car at the time of the crash.  As we set forth above, "relevance" should be broadly construed in the discovery phase of litigation in order to ensure that all parties are able to properly prepare for trial without any unnecessary surprise or prejudice.  As Plaintiffs' Requests seeks information that is directly relevant to this action, the Court should overrule Defendant GEICO'S relevance objections as they pertain to the underinsured motorist claim filed by Ethel Staley.

Request 3:    Any and all statements taken from any witnesses, for any reason whatsoever relating to said claims or any coverage defenses.

> **RESPONSE:  OBJECTION.  GEICO objects to Plaintiff's Request No. 3 as vague, ambiguous and overly broad in time and scope.  GEICO further objects to Request No. 3 as it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence, pursuant to Rule 26(b)(1), Fed.R.Civ.P.  Not withstanding and without waiving said objections, GEICO states the following:**
>
> **All non-privileged and discoverable documents responsive to this request have been produced.**

Argument:  Plaintiffs' Request No. 3 is clearly requesting copies of any statements of witnesses taken by Defendant, GEICO related to the claims which are the subject of this litigation.  As was set forth in the argument in response to GEICO'S objection to Request No. 1 above, GEICO'S vagueness objection demonstrates this Defendant's failure to make a good faith attempt at complying with the Federal Rules of Civil Procedure and answering the Plaintiffs' discovery requests.  In addition, GEICO has again set forth that it has produced the documents which it has determined are not privileged and which are discoverable.  This response is improper as this Defendant cannot make a proper determination regarding privilege nor discoverability.  Further, GEICO has not even asserted a privilege objection in response to this Request.  This

demonstrates that GEICO has provided boiler-plate objections and responses to the Plaintiffs' requests and has failed to make a good faith effort at providing the information requested.

Request 6:   Any individual, personal or desk files, activity logs or diary notes of all the adjusters, including but not limited to Chad Joel's handling of the claim against Michael A. Johnson and Kathleen M. Johnson.

> **RESPONSE:  OBJECTION.  GEICO objects to Plaintiff's Request No. 6 as vague, ambiguous and overly broad in time and scope.  GEICO further objects to Request No. 1 to the extent that it expressly seeks the communications, mental impressions and thought processes of its independent legal counsel whom GEICO has retained to defend it in this matter, which information is protected by the attorney-client privilege, under Section 90.502, Florida Statutes, and GEICO'S adjusters and claims handlers evaluating and defending the extra-contractual issues.  GEICO further objects to Request No. 6 as it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence, pursuant to Rule 26(b)(1), Fed.R.Civ.P.  Not withstanding and without waiving said objections, GEICO states the following:**
>
> **All non-privileged and discoverable documents responsive to this request have been produced.**

**Argument:**  See Plaintiffs' response to GEICO'S objections to Request No. 1 above.

Request 7:   Any individual, personal or desk files, activity logs or diary notes of all the adjusters, including but not limited to Wendy Anderson's handling of the Ethel Staley's claim against her own uninsured/underinsured motorist policy.

> **RESPONSE:  OBJECTION. GEICO objects to Plaintiff's Request No. 7 as vague, ambiguous and overly broad in time and scope.  GEICO further objects to Request No. 7 as it seeks information that is not relevant to any claim or defense, and is not reasonably calculated to lead to the discovery of admissible evidence, pursuant to Rule 26(b)(1), Fed.R.Civ.P.  GEICO reasonably interprets the same as seeking information regarding Ethel Staley's claim against her own uninsured/underinsured motorist policy which is not relevant to any claim or defense of either party. GEICO further objects to Request No. 6 to the extent that it expressly seeks the communications, mental impressions and thought processes of its independent legal counsel whom GEICO has retained to defend it in this matter, which information is protected by the attorney-client privilege, under Section 90.502, Florida Statutes, and GEICO'S adjusters and claims handlers evaluating and defending the extra-contractual issues.  GEICO further objects to Request No. 6 as it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence, pursuant to Rule 26(b)(1), Fed.R.Civ.P.  Not withstanding and without waiving said objections, GEICO states the following:**
>
> **All non-privileged and discoverable documents responsive to this request have been produced.**

**Argument:**  See Plaintiffs' Response to GEICO'S objections to Request No. 1 and 2 above.

Request 8:   Any and all minutes, notes, memoranda, transcripts or any other form of records setting forth discussions, conversation, resolutions, decisions, determinations and/or votes of any committee or board meeting or claim committee meeting or any other type of meeting involving your agents, employees and/or representatives, parent, subsidiary or affiliate corporations, relative to this claim against Michael A. Johnson and Kathleen M. Johnson that occurred during the handling of the underlying claim through the date of final judgment.

> **RESPONSE:  OBJECTION.  GEICO objects to Plaintiff's Request No. 8 as vague, ambiguous and overly broad in time and scope.  GEICO further objects to Request No. 8 to the extent that it expressly seeks the communications, mental impressions and thought processes of its independent legal counsel whom GEICO has retained to defend it in this matter, which information is protected by the attorney-client privilege, under Section 90.502, Florida Statutes, and GEICO'S adjusters and claims handlers evaluating and defending the extra-contractual issues.  GEICO further objects to Request No. 6 as it seeks information that is not relevant to any claim or defense, and is not reasonably calculated to lead to the discovery of admissible evidence, pursuant to Rule 26(b)(1), Fed.R.Civ.P.  Not withstanding and without waiving said objections, GEICO states the following:**
>
> **All non-privileged and discoverable documents responsive to this request have been produced.**

**Argument:**   See Plaintiffs' response to GEICO'S objections to Request No. 1 above.

Request 9:   The entire underwriting files maintained by you or any of your agents and/or representatives with regard to Michael A. Johnson and Kathleen M. johnson, cover-to cover, including the original jackets and everything contained within the files, from the date of inception through the date of the final judgment in the underlying action.

> **RESPONSE:  OBJECTION.  GEICO objects to Plaintiffs' Request No. 9 as burdensome and overly broad in time and scope.  GEICO further objects to Request No. 9 to the extent that it seeks information, other than any applications and policies relating to the above-referenced individuals, that is not relevant to any claim or defense, and is not reasonably calculated to lead to the discovery of admissible evidence, pursuant to Rule 26(b)(1), Fed. R. Civ. P.**

**Argument:**  Please see Plaintiffs' response to GEICO'S objections to Request No. 2 above.

Additionally, GEICO has asserted as a basis for its objection that Request No. 9 is burdensome. The party resisting discovery on the basis that the request is unduly burdensome has the responsibility of establishing the undue burden.  Border Collie Rescue, Inc. v. Ryan, 2005 WL 662724, * 2 (M.D. Fla. 2005) (citing Coker v. Duke & Co., 177 F.R.D. 682, 686 (M.D. Ala.

1998)). "'Parties 'cannot invoke the defense of oppressiveness or unfair burden without detailing the nature and extent thereof. Simply decrying the expense to plaintiff will not satisfy this obligation.'" Id. (quoting Porter v. Nationscredit Consumer Disc. Co., 2004 WL 1753255, *1 (E.D. Pa. 2004)). Therefore, a party who objects to discovery on the ground of undue burden must support that claim with evidence, such as detailed affidavits, and demonstrate that the burden is unreasonable in light of the benefits that will result from the discovery. Id. (citations omitted). As Defendant GEICO has failed to present any evidence which would support its position that answering Plaintiff's Requests for Production will result in an undue burden, the Court should overrule its objections on this ground.

Request 10:   The underwriting manual and guidelines in effect at the time the policy to Michael A. Johnson and Kathleen M. Johnson was issued.

> **RESPONSE:  OBJECTION.  GEICO objects to Plaintiffs' Request No. 10 as it is unduly burdensome and seeks information not relevant and not reasonably calculated to lead to the discovery of admissible evidence.  GEICO further objects to Request No. 10 as vague, ambiguous and overly broad in time and scope.  GEICO further objects to Request No. 10 to the extent that it seeks confidential business information, which is protected from disclosure pursuant to Section 90.506, Florida Statutes.**

**Argument:**   See Plaintiffs' response to GEICO'S objections to Request No. 1 above. In addition, GEICO'S failure to provide any documents in response to Request No. 10 demonstrates its failure to make a good faith attempt at providing complete responses to the Plaintiffs' discovery requests. The underwriting manuals and guidelines which are requested by the Plaintiffs are an essential part to the discovery investigation in an insurance bad faith claim. Therefore, the objections raised by GEICO should be overruled and the appropriate documents produced.

Request 12:   The entire personnel file/s of each adjuster, including but not limited to Chad Joel, who was assigned to handle or assist in handling the claim made by The Estate of Woody Staley, Jr. against Michael A. Johnson and Kathleen M. Johnson. This request includes a request for any and all information contained therein except for confidential medical and/or financial information.

> **RESPONSE: OBJECTION.** GEICO objects to Plaintiffs' Request as vague, ambiguous, and overly broad in time and scope. GEICO reasonably interprets this request as seeking personnel files of its employees and other personnel for which GEICO objects, as such information is confidential and sensitive and not subject to discovery. Under Florida law, the Plaintiff must show that the confidential and sensitive information contained in GEICO'S personnel files is reasonably calculated to lead to the discovery of admissible evidence and that all such information is needed to prosecute their claim. *See CAC-Ramsey Health Plans, Inc., V. Johnson,* 641 So.2d 434 (Fla 3d DCA 1994). Further, Plaintiff must demonstrate that the information sought by GEICO'S personnel files is relevant to the pending litigation and demonstrate to the Court that disclosure of GEICO'S personnel files will not result in an undue invasion of privacy of GEICO'S employees. *See Alterra Healthcare Corp. v. Estate of Shelly,* 827 So.2d 936, 944-945 (Fla 2002); *see also Seta Corp of Boca, Inc. v. Office of Atty Gen. Dept of Legal Affairs, State of Fla.,* 756 So.2d 1093 (Fla 4th DCA 2000). Pursuant to Fed. R. Civ. P. 26(b)(1), GEICO also objects to this request on grounds that the information sought is not relevant to any claim or defense of any party.

**Argument:** GEICO has objected to Request No. 12 on the basis that such protected information should not be disclosed until the Plaintiff has made the requisite showing of need. In support of its position, GEICO has cited the Court to the case of *CAC-Ramsey Health Plans, Inc. v. Johnson,* 641 So.2d 434 (Fla 3d DCA 1994) and *Alterrra Healthcare Corp v. Estate of Shelly,* 827 So.2d 936 (Fla 2002). These cases are inapplicable to the request made by the Plaintiffs in this case. In *CAC-Ramsey*, the Court was asked to evaluate whether a carte blanche request for all of the personnel files of the employer were subject to disclosure in a racial discrimination case. In *Alterrra*, the Court was asked to evaluate issues concerning a request for the personnel files of public employees and who would have standing to make an objection regarding their disclosure. Here, the Plaintiffs' requests are very clearly limited to the personnel files of the GEICO employees and adjusters who were directly involved with the handling of the claims in this case. Further, a proper objection to this Request based upon "privileged" or "protected" information should have complied with the privilege requirements as set forth in Plaintiffs' response to GEICO'S objection to Request No. 1 at subsection (b) above. No privilege log has been filed and no specifically "privileged" documents have been identified. The Plaintiffs would

agree that personal medical information and certain financial information <u>may</u> be protected from disclosure.  Plaintiffs would request the Court order GEICO to produce the personnel files and, for any portion it feels is privileged from disclosure, should be directed to file the appropriate motion with the Court to allow the Court the opportunity to make the appropriate review and determination.

<u>Request 13</u>: The entire personnel file of each adjuster, including but not limited to Wendy Anderson, who was assigned to handle or assist in handling the claim made by Ethel Staley against her own uninsured/underinsured motorist policy.  This request includes a request for any and all information contained therein except for confidential medical and/or financial information.

   **RESPONSE:  Same as Response to Request No. 12 above.**

**Argument:**  Please see Plaintiffs' response to GEICO'S objections to Request No. 12 above.  In addition, please see Plaintiffs' response to GEICO'S objections at Request No. 2 above.

<u>Request 14</u>:   Any and all computer records and/or electronic mail that GEICO maintained regarding the claim of The Estate of Woody Staley, Jr. against Michael A. Johnson and Kathleen M. Johnson from the date of the accident through the date of the final judgment.

   **RESPONSE:  Same as Response to Request No. 8 above.**

**Argument:**    See Plaintiffs' response to GEICO'S objections to Request No. 1 above.

<u>Request 15</u>:    Any and all computer records and/or electronic mail that GEICO maintained regarding the claim made by Ethel Staley against her own uninsured/underinsured motorist policy from the date of the accident through the date the file was closed.

> **RESPONSE:  OBJECTION.  GEICO objects to Plaintiffs' Request as vague, ambiguous and overly broad in time and scope.  GEICO further objects to the Request to the extent that it expressly seeks the communications, mental impressions and thought processes of its independent legal counsel whom GEICO has retained to defend it in this matter, which information is protected by the attorney-client privilege under §90.502, Florida Statutes, related to its then-anticipated defense of itself in the instant bad-faith action.  GEICO further objects to this Request as it seeks information that is not relevant to any claim or defense, and is not reasonably calculated to lead to the discovery of admissible evidence, pursuant to Rule 26(b)(1), Fed. R. Civ. P.**

**Argument:**    See Plaintiffs' response to GEICO'S objections to Requests No. 1 and 2 above.

<u>Request 16</u>:   Any and all documents setting forth, recommending or approving a reserve or reserves in the Estate of Woody Staley, Jr.'s claim against Michael A. Johnson and Kathleen M. Johnson up through and including August 22, 2005.

  **RESPONSE:  Same as Response to Request No. 8 above.**

**Argument:**   See Plaintiffs' response to GEICO'S objections to Request No. 1 above.

<u>Request 21</u>:   A copy of any log maintained by any GEICO entity which sets forth the deadlines applicable to requests for coverage disclosure pursuant to F.S. 627.4137 and was in effect in 2003.

  **RESPONSE:  OBJECTION.  GEICO objects to the Plaintiffs' Request No. 21 as vague, ambiguous and overly broad in time and scope.  GEICO further objects to Request No. 21 to the extent that it seeks confidential business information, which is protected from disclosure pursuant to Section 90.506, Florida Statutes.**

**Argument:**  See Plaintiffs' response to GEICO'S objections to Request No. 1 at subsections (a) and (c) above.  In addition, Plaintiffs' Request No. 21 very specifically asks for any documents which reflect deadlines imposed by GEICO related to its response to requests for insurance information pursuant to Florida statutes.  Such a disclosure was requested by counsel for the Staley's in this case.  This information is directly relevant to the Plaintiffs allegations in this case.  Therefore, this information should be disclosed and GEICO'S objections overruled.

<u>Request 22</u>:   A copy of the timekeeping records of Chad Joel for May, June and July 2003.

  **RESPONSE:  OBJECTION.  GEICO objects to Plaintiffs' Request as it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence.  GEICO further objects to the Request as vague, ambiguous and overly broad in time and scope.  GEICO further objects to the Requests to the extent that they seek confidential business information, which is protected from disclosure pursuant to Section 90.506, Florida Statutes.**

**Argument:**  See Plaintiffs' response to GEICO'S objections to Request No. 1 at subsections (a) and (c) above.  In addition, Plaintiff's Request No. 21 very specifically request the timekeeping records of the adjuster who was assigned to evaluate the claim which is the subject of this litigation.  GEICO has asserted as  a defense to the delay in this matter, that this adjuster was on vacation during the subject period.  Further, there is no basis for GEICO'S objection which sets

forth that there is some trade secret privilege to disclosure of an employee's time records. In addition, the Plaintiffs have agreed to enter into a confidentiality agreement related to any and all documents for which GEICO is concerned about disclosure. Therefore, GEICO'S objections should be overruled and the timekeeping records should be produced.

Request 23:    A copy of the timekeeping records for each and every member of Chad Joel's work group for May, June and July 2003.

**RESPONSE:  Same as Response to Request No. 22 above.**

**Argument:**  See Plaintiffs' response to GEICO'S objections to Request No. 22 above.

WHEREFORE, based upon the foregoing, the Plaintiffs respectfully request an order compelling Defendant GEICO to produce the requested documents and provide complete responses to Plaintiff's First Request for Production.

I HEREBY CERTIFY that on this 7th day of August, 2007, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to the following:

> B. Richard Young, Esq. - Young, Bill, Fugett & Roumbos, P.A.
> P.O. 1070; Pensacola FL 32591-1070
> ryoung@flalawyer.net

>> RICCI~LEOPOLD, P.A.
>> 2925 PGA Blvd.,Suite 200
>> Palm Beach Gardens, FL  33410
>> Phone: 561-684-6500; Fax: 561-697-2383
>> ericci@riccilaw.com
>>
>> By:  s/Edward M. Ricci, Esq.
>>         EDWARD M. RICCI, ESQ.
>>         Florida Bar No.: 185673