**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 07-80310-CIV-RYSKAMP/VITUNAC

MICHAEL A. JOHNSON and
KATHLEEN M. JOHNSON,

       Plaintiff,

v.

GEICO GENERAL INSURANCE CO.,

       Defendant.

_____/

## ORDER DENYING MOTION TO COMPEL BETTER ANSWERS TO INTERROGATORIES

THIS CAUSE comes before the Court pursuant to Plaintiffs Michael and Kathleen Johnson's ("Mr. and Mrs. Johnson") Motion to Compel Better Answers to Interrogatories, filed August 1, 2007 **[DE 16]**. Defendant GEICO responded on August 20, 2007 **[DE 22]**. Mr. and Mrs. Johnson replied on August 27, 2007 **[DE 24]**. This motion is ripe for adjudication.

GEICO issued a policy of insurance to Mr. and Mrs. Johnson effective from December 8, 2002 through June 8, 2003. The policy included a per-person bodily injury liability limit of $10,000. Mr. Johnson was involved in an automobile accident on May 24, 2003. Louise Turner, a passenger in the vehicle struck by Mr. Johnson, died at the scene. Woody Staley, Jr. ("Mr. Staley"), the driver of the vehicle struck by Mr. Johnson, also died as a result of injuries sustained in the accident. Mr. Staley and his wife, Ethel, had an uninsured motorist contract with GEICO.

Mr. Staley's estate filed a wrongful death action against Mr. and Mrs. Johnson. That suit resulted in a wrongful death judgment rendered against the Mr. and Mrs. Johnson in excess of $2

2

million.  Mr. and Mrs. Johnson bring this action alleging that the wrongful death judgment stems

from GEICO's bad faith failure to fulfill its duty to them as it relates to their policy, specifically

that GEICO delayed its offer to tender the $10,000 policy limits.

Federal Rule of Civil Procedure 26(b) allows parties to "obtain discovery regarding any

matter, not privileged, which is relevant to the subject matter involved in the pending action."

Courts have construed this language to permit "open disclosure of all potentially relevant

information." Burns v. Thiokol Chemical Corp., 483 F.2d 300, 307 (5th Cir. 1973).  The scope

of discovery is limited, however.  The information sought must be relevant and not overly

burdensome to the responding party.  Washington v. Brown & Williamson Tobacco Corp., 959

F.2d 1566, 1570 (11th Cir. 1992) (citing Trevino v. Celanese Corp., 701 F.2d 397, 406 (5th Cir.

1983)).  Discovery should be tailored to the issues involved in the particular case.  Id.

**Interrogatory Nos. 2, 19, 22 and 24:**

> What guidelines, if any, did GEICO have in 2003-2004, to
> assure or confirm that its adjusters acted in complete compliance
> with all duties and responsibilities imposed upon them by the
> Florida Department of Insurance?

> Please identify all of GEICO's claims handling procedures
> that apply to adjusters who are assigned to handle claims filed
> against bodily injury liability policies.

> Please describe in sufficient detail to formulate a Request
> for Production, the names of any and all claims manuals that are
> utilized by each of the different GEICO subsidiaries in determining
> how to handle claims made against bodily injury insurance
> policies.

> Please describe in detail the job description applicable to
> each job title of each GEICO employee either directly or indirectly
> involved in handling of the bodily injury claim of Woody Staley,

3

Jr.

GEICO objects to these interrogatories on the grounds that they are unduly burdensome, seek irrelevant information, are ambiguous and overly broad in time and scope.[1]

Interrogatory No. 19 does not limit its request only to areas of insurance regulation that are relevant to this action.  To comply with this request, GEICO would need to compile all guidelines relevant to compliance with all duties and responsibilities imposed upon it by the State of Florida.  Since GEICO maintains working rather than yearly copies of guidelines, this request would cause it to incur substantial costs in producing all guidelines dealing with all regulated areas.  Furthermore, the request seeks information regarding compliance with requirements regarding the property/casualty insurance context, whereas the present case deals only with the way in which GEICO handled the bodily injury insurance claim.  The interrogatory thus seeks irrelevant information.

Interrogatory Nos.19 and 22 request information regarding all of GEICO's claims manuals.  These interrogatories do not specify the time frame to which they apply, nor is the request geographically limited.  Interrogatory No. 24 would require GEICO to produce every job title and every job description of each employee ever involved in the bodily injury claim.  These requests are overbroad.

**Interrogatory Nos. 3, 4, 11(a), 12(a), 14, 16 and 17:**

> Please provide the name of the entity and the location of the main office headquarters of the Company that employed Wendy

---

[1] GEICO raises several confidentiality objections based on Florida statute section 90.506. The Court does not address the confidentiality issue because the interrogatories are overbroad on their face.

4

Anderson in May and June of 2003.

Please provide the name, job title, and present employment address of the person responsible for supervising Wendy Anderson in May and June of 2003.

Please provide the business address, date of employment, job title, and description of job duties for the following ... employees during the in June of 2003: (a) Wendy Anderson.

Please provide the name and address of the GEICO entity that issued paychecks to the following ... employees in May and June of 2003: (a) Wendy Anderson.

Please provide the name, address, job title, and dates of involvement for any and all GEICO employees who were involved with handling the GEICO claim #0118025700101039 pertaining to the claim filed by the Ethel and Woody Staley against their uninsured motorist policy.

Please identify which GEICO entity issued the uninsured motorist insurance policy #Z4210102, to Ethel and Woody Staley.

Please described in detail the relationship between the entity or entities identified in Interrogatory No. 16 above, and as to your entities identified in Interrogatory No. 4, 6, 8 and 10 above.

GEICO objects to these interrogatories on the grounds that they seek irrelevant information.  Wendy Anderson is the adjuster assigned to handle the uninsured motorist claim of Mr. Staley.  Mr. and Mrs. Johnson maintain that this information is necessary because the way in which GEICO handled the Staleys' uninsured motorist claim is somehow relevant to whether it acted in bad faith in handling their bodily injury claim.  The Court disagrees.  The Staleys' uninsured motorist claim was based on their insurance contract with GEICO.  The bodily injury claim at issue arose from Mr. and Mrs. Johnson's insurance contract with GEICO.  Information regarding the uninsured motorist claim is not relevant to the matter before the Court, nor is it

5

recently calculated to lead to admissible evidence.  Accordingly, GEICO need not respond to

these interrogatories.  It is hereby

ORDERED AND ADJUDGED that the motion is DENIED.

DONE AND ORDERED at Chambers in West Palm Beach, Florida this 6th day of

November, 2007.

S/Kenneth L. Ryskamp
KENNETH L. RYSKAMP
UNITED STATES DISTRICT JUDGE