UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 07-80310-CIV-RYSKAMP/VITUNAC

MICHAEL A. JOHNSON and
KATHLEEN M. JOHNSON,

    Plaintiff,

v.

GEICO GENERAL INSURANCE CO.,

    Defendant.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART MOTION TO COMPEL RESPONSES TO FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

THIS CAUSE comes before the Court pursuant to Plaintiffs Michael and Kathleen Johnson's ("Mr. and Mrs. Johnson") Motion to Compel responses to first request for production of documents, filed August 7, 2007 **[DE 19]**. Defendant GEICO responded on August 23, 2007 **[DE 23]**. Mr. and Mrs. Johnson replied on August 28, 2007 **[DE 25]**. This motion is ripe for adjudication.

GEICO issued a policy of insurance to Mr. and Mrs. Johnson effective December 8, 2002 through June 8, 2003. The policy included a per-person bodily injury liability limit of $10,000. Mr. Johnson was involved in an automobile accident on May 24, 2003. Louise Turner, a passenger in the vehicle struck by Mr. Johnson, died at the scene. Woody Staley, Jr. ("Mr. Staley"), the driver of the vehicle struck by Mr. Johnson, also died as a result of injuries sustained in the accident. Mr. Staley and his wife, Ethel, had an uninsured motorist contract with GEICO.

Mr. Staley's estate filed a wrongful death action against Mr. and Mrs. Johnson. That suit

resulted in a wrongful death judgment rendered against the Mr. and Mrs. Johnson in excess of $2 million. Mr. and Mrs. Johnson bring this action alleging that the wrongful death judgment stems from GEICO's bad faith failure to fulfill its duty to them as it relates to their policy, specifically that GEICO delayed its offer to tender the $10,000 policy limits.

Federal Rule of Civil Procedure 26(b) allows parties to "obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action." Courts have construed this language to permit "open disclosure of all potentially relevant information." Burns v. Thiokol Chemical Corp., 483 F.2d 300, 307 (5th Cir. 1973). The scope of discovery is limited, however. The information sought must be relevant and not overly burdensome to the responding party. Washington v. Brown & Williamson Tobacco Corp., 959 F.2d 1566, 1570 (11th Cir. 1992) (citing Trevino v. Celanese Corp., 701 F.2d 397, 406 (5th Cir. 1983)). Discovery should be tailored to the issues involved in the particular case. Id.

**Request for Production No. One:**

> Produce all of the claim files maintained by... GEICO... or anyone on behalf of [GEICO]... including, but not limited to, the local, regional and home-office files with regard to any and all claims made by The Estate of Woody Staley, Jr., against Michael A. Johnson and Kathleen M. Johnson, cover to cover, including the original jackets on everything contained in the files from the date of the accident to the date of final judgment was entered against Michael A. Johnson and Kathleen M. Johnson.

GEICO objects to this request on the grounds of vagueness, ambiguity and overbreadth. GEICO also maintains that this request interferes with the attorney-client privilege. Nevertheless, GEICO states that it is in the process of removing the privileged information from its home office file and will produce the file along with a privilege log.

**Request for Production No. Two:**

> All of the claim files maintained by GEICO..., or anyone on behalf of of GEICO..., including, but not limited to, the local, regional and home-office files with regard to any and all claims made by The Estate of Woody Staley, Jr. and/or Ethel Staley pertaining to their uninsured motorist policy of insurance; Policy No. Z421010, cover to cover, including the original jackets of everything contained in the files from the date of the accident through the date the file was closed by GEICO.

The information sought in this request for production is irrelevant. The uninsured motorist claim brought by the Staleys was based on their own insurance contract with GEICO. The bodily injury claim at issue arose from Mr. and Mrs. Johnson's insurance contract with GEICO. The two contracts and resultant claims are completely unrelated. GEICO need not respond to this discovery request.

**Request for Production No. Three:**

> Any and all statements taken from any witnesses, for any reason whatsoever, relating to said claims or any coverage defenses.

GEICO objects to this discovery request on grounds of vagueness, ambiguity, overbreadth and relevance. Nevertheless, it states that it has conducted a diligent search and has uncovered no such statements, but that if such statements are discovered they will be produced. GEICO shall respond to this discovery request to the extent that it uncovers responsive information.

**Request for Production No. Six:**

> Any individual, personal or desk files, activity logs or diary notes of all adjusters, including but not limited to Chad Joel's handling of the claim against Michael A. Johnson and Kathleen M. Johnson.

GEICO maintains that this request is vague, ambiguous, overbroad, seeks irrelevant information

and information protected by the attorney-client privilege.  Notwithstanding these objections, GEICO has provided the discoverable portions of the information requested herein and will provide a privilege log listing documents that have been withheld based on attorney-client privilege.

**Request for Production No. Seven:**

> Any individual, personal or desk files, activity logs or diary notes of all the adjusters, including but not limited to Wendy Anderson's handling of Ethel Staley's claim against her own uninsured/underinsured motorist policy.

GEICO maintains that this request is vague, ambiguous and overly broad.  GEICO also maintains that this request seeks irrelevant information and interferes with the attorney-client privilege.  Nevertheless, GEICO has provided the discoverable portions of the information requested herein.  GEICO will provide a privilege log listing the documents withheld based on attorney-client privilege.

**Request for Production No. Eight:**

> Any and all minutes, notes, memoranda, transcripts or any other form of record setting forth discussions, conversation, resolutions, decisions, determinations and/or votes of any committee or board meeting or claim committee meeting or any other type of meeting involving your agents, employees and/or representatives, parent, subsidiary or affiliate corporations, relative to this claim against Michael A. Johnson and Kathleen M. Johnson that occurred during the handling of the underlying claim to the date of final judgment.

GEICO maintains that the phrase "relative to this claim" could include any meetings not related specifically to the facts of this particular claim or any meetings that were called as a result of issues presented by this claim even if they did not relate to this specific factual situation.

Furthermore, GEICO maintains that the information sought herein is protected by the attorney-client privilege because it includes records of conversations between GEICO and its counsel. Finally, GEICO maintains this request for production seeks irrelevant information because it seeks documents that do not directly relate to the bodily injury claim.  Notwithstanding, GEICO has answered this request for production and will provide a privilege log listing the documents withheld based on attorney-client privilege.

**Request for Production No. Nine:**

> The entire underwriting files maintained by you or any of your agents and/or representatives with regard to Michael A. Johnson and Kathleen M. Johnson, cover to cover, including the original jackets and everything contained within the files, from the date of inception to the date of the final judgment in the underlying action.

GEICO states that the underwriting file is completely separate from the insured's policy file and that the only information contained in the underwriting file that could possibly be of interest would be the insurance contract or applications for insurance, which have already been provided. GEICO states that it will provide applications for insurance, if such exist.

**Request for Production No. 10:**

> The underwriting manual and guidelines in effect at the time the policy to Michael A. Johnson and Kathleen M. Johnson was issued.

As previously stated, the underwriting file itself does not contain relevant information. Furthermore, to comply with this request, GEICO would have to produce all underwriting manuals and guidelines for all areas of its business. GEICO need not respond to this request on grounds that it is vague and overbroad.

**Request for Production No. 12:**

> The entire personnel file/s of each adjuster, including but not limited to Chad Joel, who was assigned to handle or assist in handling the claim made by The Estate of Woody Staley, Jr. against Michael A. Johnson and Kathleen M. Johnson. This request includes a request for any and all information contained therein, except for confidential medical and/or financial information.

GEICO objects to this request on the grounds that it requests personally confidential information about its employees. The Court disagrees. Information contained within the personnel files regarding employment history, training, hours worked, jobs, duties and responsibility in disciplinary actions are relevant to this matter. Specifically, Chad Joel, the adjuster initially assigned to this file, allegedly went on vacation during a time period relevant to this claim. Information about the actual dates of the vacation are relevant to this matter. Accordingly, GEICO's objection is overruled. The parties are encouraged to work together to reach a confidentiality agreement regarding information in the personnel files. Should the parties be unable to do so, they should move Court for a protective order.

**Request for Production No. 13:**

> The entire personnel file of each adjuster, including but not limited to Wendy Anderson, who was assigned to handle or assist in handling the claim made by Ethel Staley against her own uninsured/underinsured motorist policy. This request includes a request for any and all information contained therein, except for confidential medical and/or financial information.

This request seeks irrelevant information in that it seeks files relating to the uninsured/underinsured motorist claim rather than the bodily injury claim. GEICO need not

respond to this request.

**Request for Production Nos. 14 and 15:**

> Any and all computer records and/or electronic e-mail that GEICO maintained regarding the claim of The Estate of Woody Staley, Jr. against Michael A. Johnson and Kathleen M. Johnson from the date of the accident through the date of the final judgment.

> Any and all computer records and/or electronic mail that title maintained regarding the claim made by Ethel Staley against her own uninsured/underinsured motorist policy from the date of the accident through the date the file is closed.

GEICO objects to this request on the grounds that it is vague, ambiguous and overly broad. Further, GEICO maintains that this request seeks irrelevant information and interferes with the attorney-client privilege. GEICO adjusters and attorneys used computer records and e-mail as their primary means of communication regarding a claim. Notwithstanding this objection, GEICO has produced discoverable documents in response to this request and a will provide a privilege log describing the documents withheld.

Request No. 15 is flawed on another level. This request seeks irrelevant information in that it seeks files relating to the uninsured/underinsured motorist claim rather than the bodily injury claim. GEICO need not respond to this request.

**Request for Production No. 16:**

> Any and all documents setting forth, recommending or proving a reserve or reserves in the Estate of Woody Staley, Jr.'s claim against Michael A. Johnson and Kathleen M. Johnson up through and including August 22, 2005.

GEICO objects to this request as being vague, ambiguous and overbroad. It further objects to

this request on the grounds of attorney-client privilege.  Nevertheless, GEICO states that all nonprivileged and discoverable documents responsive to this request have been produced.  GEICO shall provide a privilege log detailing the documents it has not produced.

**Request for Production No. 21:**

> A copy of any log maintained by any GEICO entity that sets forth the deadlines applicable to requests for coverage disclosure pursuant to Fla. Stat. 627.4137 and was in effect in 2003.

GEICO objects to this request as being vague, ambiguous and overly broad.  It further objects to the request to the extent that it seeks confidential business information protected from disclosure pursuant to section 90.506 Fla. Stat.  This request is overly broad because it is not limited to a particular area of GEICO's insurance business.  GEICO need not respond to this discovery request.

**Request for Production Nos. 22 and 23:**

> A copy of the timekeeping records of Chad Joel for May, June and July 2003.
>
> A copy of the timekeeping records for each and every member of Chad Joel's work group for May, June and July 2003.

GEICO objects to these requests for production on the grounds of relevance, vagueness, ambiguity and overbreadth.  GEICO also maintains that these requests seek confidential business information.  Information about the dates and hours worked of the individuals assigned to the bodily injury claim is relevant to this bad faith action.  GEICO shall respond to these discovery requests.  The Court encourages the parties to establish a confidentiality agreement.  Should the parties be unable to do so, they are encouraged to petition the Court for a protective order.

9

Accordingly, it is hereby

ORDERED AND ADJUDGED that the Motion to Compel responses to first request for production of documents, filed August 7, 2007 **[DE 19]**, is GRANTED IN PART AND DENIED in part as explained herein.  GEICO shall provide the ordered responses and privilege logs within 20 days of the date of this Order.

DONE AND ORDERED at Chambers in West Palm Beach, Florida this 7th day of November, 2007.

                                                S/Kenneth L. Ryskamp  
                                                KENNETH L. RYSKAMP  
                                                UNITED STATES DISTRICT JUDGE